IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:19-CV-6-D

MARQUITA SIMPSON WILLIAMS,  )
                             )
            Plaintiff,       )
                             )
        v.                   )        **ORDER**
                             )
ANDREW M. SAUL,              )
Commissioner of Social Security, )
                             )
            Defendant.       )

On February 4, 2020, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") and recommended that this court deny plaintiff's motion for judgment on the pleadings [D.E. 18], grant defendant's motion for judgment on the pleadings [D.E. 25], and affirm defendant's final decision. See [D.E. 28].[1] On February 13, 2020, plaintiff objected to the M&R [D.E. 29]. Defendant did not respond.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

---

[1] Under Federal Rule of Civil Procedure 25(d), the court substitutes Andrew M. Saul for Nancy A. Berryhill as Commissioner of Social Security. See Fed. R. Civ. P. 25(d).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision concerning disability benefits under the Social Security Act, 42 U.S.C. § 301 et seq., is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., 42 U.S.C. § 405(g); Shinaberry v. Saul, No. 18-2096, 2020 WL 908887, at *3 (4th Cir. Feb. 26, 2020); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted); see Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996); see Biestek, 139 S. Ct. at 1154; Shinaberry, 2020 WL 908887, at *3. This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Shinaberry, 2020 WL 908887, at *3; Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court examines whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Shinaberry, 2020 WL 908887, at *3; Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff's objections restate the arguments made to Judge Gates concerning whether the Administrative Law Judge ("ALJ") properly considered the opinion of plaintiff's treating physician, whether the ALJ properly assessed plaintiff's residual functional capacity, whether substantial

2

evidence supports the ALJ's evaluation of the evidence, and whether the ALJ erred when posing a hypothetical question to the vocational expert. Compare [D.E. 19] 3–8, 20–28, with [D.E. 29] 1–2. However, both Judge Gates and the ALJ applied the proper legal standards. See M&R [D.E. 28] 4–26. Moreover, substantial evidence supports the ALJ's analysis. See id.

In sum, the court OVERRULES plaintiff's objections to the M&R [D.E. 29], ADOPTS the conclusions in the M&R [D.E. 28], DENIES plaintiff's motion for judgment on the pleadings [D.E. 18], GRANTS defendant's motion for judgment on the pleadings [D.E. 25], AFFIRMS defendant's final decision, and DISMISSES this action. The clerk shall close the case.

SO ORDERED. This 5 day of March 2020.

JAMES C. DEVER III
United States District Judge